UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA FERNANDA ELOSU and ROBERT LOUISE BRACE, Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MIDDLEFORK RANCH INCORPORATED, an Idaho Corporation,<br><br>Defendants. | Case No. 1:19-cv-00267-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

In preparation for trial, MFR has designated three witnesses—Shane Hartgrove, Greg Gamez, and Regee Rauch—as "unavailable" pursuant to Federal Rule of Civil Procedure 32(a)(4). As such, MFR intends to offer their depositions in lieu of live testimony. Dkt. 71, at 2–3.

Plaintiffs do not object to MFR using Shane Hartgrove's deposition, but they do object to MFR using the depositions for Gamez and Rauch asserting they are not truly "unavailable" under Rules 804(a) and 32(a)(4). Dkts. 64, at 14; 83-2, at 2; 83-3, at 2.[1] The Court has not held a hearing or heard argument on this specific issue. It has MFR's Witness List indicating its intention to introduce the depositions and Plaintiffs' objection. The Court intends to take this matter up at the final pre-trial conference on July 11, 2022, at 11:30am. Assuming MFR makes a proper showing—and the Court approves of the request—the

---

[1] In one instance, Plaintiffs cite to Rule 34(a)(4). No such rule exists. The Court assumes Plaintiffs mean Rule 32(a)(4).

MEMORANDUM DECISION AND ORDER - 1

following rulings shall apply. If the Court denies the request, the Court and counsel will discuss the best way to proceed.

## II. ANALYSIS

Below are the Court's rulings as to the specific objections. As it relates to Hartgrove's testimony: for simplicity, the Court *has not* included designations where no objection was lodged.

| | SHANE HARTGROVE | | | |
|---|---|---|---|---|
| MFR Designation | Plaintiff Counter Designation | Plaintiff Objection | Defendant Objection | **COURT'S RULING** |
| 11:20-23 | | 401; 403 (insurance) | (See 44:13-45:7; 57:1-4; 70:20 in which Plaintiff designates testimony with same ins. info) | **Sustained as to both. Insurance cannot be discussed.** |
| 12:2-6 | | 401; 403 (insurance) | | **Sustained. Insurance cannot be discussed.** |
| 12:11-13:4 | | 401; 403 (insurance) | | **Sustained. Insurance cannot be discussed.** |
| 13:9-25 | | 401; 403 (insurance); 801(c) | | **Sustained. Insurance cannot be discussed.** |
| 30:22-25 | | Speculation, outside expertise, hearsay | | **Overruled.** |
| 48:21-49:8 | | No personal knowledge of Brace state of mind; relevance | | **Overruled.** |

| MFR Designation | Plaintiff Counter Designation | Plaintiff Objection | Defendant Objection | COURT'S RULING |
|---|---|---|---|---|
| 49:16-50:3 | | No personal knowledge of Brace state of mind; relevance | | **Overruled.** |
| 50:10-51:6 | | No personal knowledge of Brace state of mind; relevance | | **Overruled.** |
| 57:1-4 | | 401; 403 (insurance) | | **57:1-2 can come in. 57:3-4 are out.** |
| 68:16-69:6 | | Nonresponsive | | **Overruled.** |
| 76:11-78:10 | | To 77:25-78:10, Outside the scope of disclosed testimony, which was that he had no opinion. | | **Cannot rule at this time.** |
| 81:19-25 | | 401, irrelevant | | **Sustained.** |
| | 20:7-19 | | Speculation; no personal knowledge. See 20:20-24 | **Sustained. Speculation and lack of foundation.** |
| | 23:5-11 | | No personal knowledge; speculation re Rosen's thoughts and feelings | **Overruled.** |
| | 63:14-65:8 | | 64:18-22: misstates testimony. See 63:14-16 | **Overruled.** |
| | 73:7-21 | | 73:7-74:19: lack of foundation; assumes facts not in evidence; incomplete hypothetical; calls for speculation. | **Cannot rule at this time.** |
| **GREGG GAMEZ** | | | | |
| MFR Designation | Plaintiff Counter Designation | Plaintiff Objection | Defendant Objection | **COURT'S RULING** |

MEMORANDUM DECISION AND ORDER - 3

| MFR Designation | Plaintiff Counter Designation | Plaintiff Objection | Defendant Objection | COURT'S RULING |
|---|---|---|---|---|
| ALL (Video): 5:16-46:13 | | Exhibit 10: exhibit marked for identification in deposition, but no foundation for admissibility laid (*see* pp. 14-15) | | **Cannot rule at this time.** |
| | | Exhibit 11: exhibit marked for identification in deposition, but no foundation for admissibility laid (*see* pp. 16) | | **Cannot rule at this time.** |
| | | 26:9-11. No question asked. No personal knowledge of when "Dave" took video or what it depicts | | **The fact that he took the video can come in. Remainder is out.** |
| | | 27:1-13. No personal knowledge, speculating as to sequence of photos (*see* 26:14-18) | | **Overruled.** |

### REGGIE RAUCH

| MFR Designation | Plaintiff Counter Designation | Plaintiff Objection | Defendant Objection | COURT'S RULING |
|---|---|---|---|---|
| ALL (Video): 5:17-44:24 | | Exhibit 8: exhibit marked for identification in deposition, but no foundation for admissibility laid (*see* pp. 18) | | **Cannot rule at this time.** |

MEMORANDUM DECISION AND ORDER - 4

|  |  | 20:8-15: speculation, calls for inadmissible lay opinion |  | **Sustained.** |
|--|--|--|--|--|
|  |  | Exhibits 4-5: exhibits marked for identification in deposition, but no foundation for admissibility laid (*see* pp. 22) |  | **Cannot rule at this time.** |
|  |  | 24:1-13: speculation, calls for inadmissible lay opinion. No personal knowledge of allegation, not qualified to offer opinion on fire cause or origin |  | **Sustained.** |
|  |  | 25:1-4: no personal knowledge of what Mr. Koster tried or did not try to do. |  | **Overruled.** |
|  |  |  | 31:4: Objection Withdrawn | **Sustained.** |
|  |  |  | 37:17-23: Misstates testimony | **Overruled.** |

DATED: July 8, 2022

David C. Nye
Chief U.S. District Court Judge